UNITED SETATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOUGLAS P. NAYLOR, )
on behalf of himself and all others )
similarly situated, )
        Plaintiff )
)
v. ) Civil No.
)
)
UNIFUND CORPORATION, )
DAVID G. ROSENBERG, )
UNIFUND CCR PARTNERS, a New York )
General Partnership, through its general partners, )
CREDIT CARD RECEIVABLES FUND, INC., )
and ZB LIMITED PARTNERSHIP, )
)
        Defendants )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Douglas P. Naylor seeks redress under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Massachusetts Consumer Protection Act, G.L. c. 93A, due to misleading and unfair conduct of defendants in attempting to collect an alleged consumer debt. Plaintiff sues on behalf of himself and classes of Massachusetts consumers similarly situated.

### Parties

1. Plaintiff Douglas P. Naylor is an individual who at all relevant times has resided in the City of Worcester, Worcester County, Massachusetts.

2. Defendant Unifund Corporation is on information and belief a business corporation duly organized and existing under the law of the State of Ohio, and having a principal place of business in Cincinnati, Ohio.

3. Defendant David G. Rosenberg is an individual who on information and belief has been the president and a director of Unifund Corporation and president of Credit Card Receivables Fund, Inc. at times relevant to this complaint.

4. Defendant Unifund CCR Partners is on information and belief a New York General Partnership with a principal place of business in Cincinnati, Ohio.  It is sued through its general partners, Credit Card Receivables Fund, Inc., an Ohio corporation, and ZB Limited Partners, a Delaware limited partnership.

5. At all relevant times defendants have been "debt collectors" within the meaning of 15 U.S.C. §1692a(6) and 209 CMR 18.02.

6. At all relevant times defendants have been engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, §1.  On information and belief, none of the defendants has maintained a place of business or has kept assets in the Commonwealth at times relevant to this complaint.

## Jurisdiction and Venue

7. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.   This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

9. Plaintiff received a letter from Daniels Law Offices, P.C. ("Daniels") dated November 27, 2008, stating that plaintiff owed a debt to Unifund CCR Partners which Daniels had been hired to collect.  The letter was the initial written communication from Daniels

regarding the alleged debt and contained language purporting to constitute the validation notice required by 15 U.S.C. §1692g(a) and 209 CMR 18.18(1).

10. Plaintiff received 4 subsequent letters from Daniels in connection with the same alleged debt, each of which identified the creditor as Unifund CCR Partners.

11.  On or about March 20, 2009, Unifund CCR Partners – represented by Daniels - filed suit against plaintiff in the Worcester District Court.

12.  In its complaint, Unifund CCR Partners alleged that it owned a debt originally issued by JP Morgan Chase Bank for which plaintiff was liable, and sought judgment against plaintiff in the amount of $13,558.08, plus costs and interest.

13.  At no time from November 27, 2008 through the filing of the Worcester District Court complaint did Unifund CCR Partners have any ownership interest in the alleged debt.  On information and belief, the only connection of Unifund CCR Partners to the alleged debt was as a collection agent for, or servicer of, the alleged debt, which at all relevant times was owned by Unifund Corporation or another as yet unidentified "Unifund" entity..

14.  On information and belief, at all relevant times Rosenberg controlled Unifund CCR Partners and one or both of its general partners, as well as Unifund Corporation, and was personally involved in formulating, implementing, and/or ratifying the unlawful conduct described herein.

### FDCPA Violations – Letters

#### COUNT I

15. The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

16. The validation notice dated November 27, 2008 sent on behalf of Unifund CCR Partners did not state the name of the creditor to whom the alleged debt was owed, in violation of 15 U.S.C. §1692g(a)(2).

## COUNT II

17. The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

18. Each letter sent to plaintiff on behalf of Unifund CCR Partners misrepresented the character of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

## COUNT III

19. The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

20. Each letter sent to plaintiff on behalf of Unifund CCR Partners used a false representation or deceptive means to attempt to collect the alleged debt, in violation of 15 U.S.C. §1692e(10).

## COUNT IV

21. The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

22. By misrepresenting the identity of the creditor, each of the letters sent to plaintiff on behalf of Unifund CCR Partners constituted an unfair means of attempting to collect the alleged debt, thus violating 15 U.S.C. §1692f.

## COUNT V

23. The allegations of paragraphs 1 – 22 are incorporated herein as if fully set forth.

24. Unifund Corporation and Rosenberg conspired with Unifund CCR Partners, and aided and abetted Unifund CCR Partners, in formulating, implementing, and carrying out the above-described unlawful conduct, with knowledge of and intent to further same.

## COUNT VI

25. The allegations of paragraphs 1 – 24 are incorporated herein as if fully set forth.

26. A joint venture existed between Unifund CCR Partners, Unifund Corporation, and Rosenberg with respect to the collection of consumer debts from Massachusetts residents. Factors which indicate the existence of a joint venture include, but are not limited to: each party had a right to and expected to share profits from the endeavor; each had a right to and did participate in the control and management of the endeavor; each contributed money, property, effort, skills, and/or other resources to the endeavor; and each expected to share in any losses from the endeavor.

### Class Action Allegations

27. Plaintiff brings this complaint on behalf of himself and all other persons similarly situated. Class members in counts I – VI ("Class A") are all persons who, according to records maintained by defendants and their agents, were sent a letter with respect to an alleged consumer debt within 1 year of the filing of this action which misrepresented the creditor as Unifund CCR Partners, and who according to defendants' records resided in Massachusetts as of the date of the letter. Excluded from the class are current and former officers, directors, and employees of defendants and persons whose letters were all returned as undeliverable. On information and belief, the class is sufficiently numerous such that joinder is impracticable.

28. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under the FDCPA, whether the challenged conduct violates

the FDCPA as alleged, and whether there are one or more bases for imposing joint and several liability against defendants.

29. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

30. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

31. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

>   WHEREFORE, plaintiff prays that this Honorable Court:
>
>   (i)     certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;
>
>   (ii)    appoint plaintiff as class representative and the undersigned as class counsel;
>
>   (iii)   award plaintiff and class members statutory damages against defendants, jointly and severally;
>
>   (iv)    award plaintiff and class members costs and attorney's fees against defendants; jointly and severally;
>
>   (v)     award such further relief as shall be just and proper.

### **Chapter 93A Violations – Letters**

### **COUNT VII**

32. The allegations of paragraphs 1 – 31 are incorporated herein as if fully set forth.

33. The validation notice dated November 27, 2008 sent on behalf of Unifund CCR Partners did not state the name of the creditor to whom the alleged debt was owed in violation of the FDCPA, 209 CMR 18.18(1)(b), and G.L. c. 93A, §2.

### **COUNT VIII**

34. The allegations of paragraphs 1 – 31 are incorporated herein as if fully set forth.

35. Each of the letters to plaintiff sent on behalf of Unifund CCR Partners misrepresented the character of the alleged debt, in violation of the FDCPA, 209 CMR 18.16(2)(a), and G.L. c. 93A, §2.

### **COUNT IX**

36. The allegations of paragraphs 1 – 31 are incorporated herein as if fully set forth.

37. In each letter sent to plaintiff, Unifund CCR Partners used a false representation or deceptive means to attempt to collect the alleged debt in violation of the FDCPA, 209 CMR 18.16(10), and G.L. c. 93A, §2.

### **COUNT X**

38. The allegations of paragraphs 1 – 31 are incorporated herein as if fully set forth.

39. By misrepresenting the identity of the creditor, each of the letters sent to plaintiff on behalf of Unifund CCR Partners constituted an unfair means of attempting to collect the alleged debt in violation of the FDCPA, 209 CMR 18.18, and G.L. c. 93A, §2.

### **COUNT XI**

40. The allegations of paragraphs 1 – 39 are incorporated herein as if fully set forth.

41. Unifund Corporation and Rosenberg conspired with Unifund CCR Partners, and aided and abetted Unifund CCR Partners, in formulating, implementing, and carrying out the above-described unlawful conduct, with knowledge of and intent to further same.

## COUNT XII

42. The allegations of paragraphs 1 – 39 are incorporated herein as if fully set forth.

43. A joint venture existed between Unifund CCR Partners, Unifund Corporation, and Rosenberg with respect to the collection of consumer debts from Massachusetts residents. Factors which indicate the existence of a joint venture include, but are not limited to: each party had a right to and expected to share profits from the endeavor; each had a right to and did participate in the control and management of the endeavor; each contributed money, property, effort, skills, and/or other resources to the endeavor; and each expected to share in any losses from the endeavor.

## Class Action Allegations

44. Plaintiff brings this complaint on behalf of himself and all other persons similarly situated. Class members in counts VII – XII ("Class B") are all persons who, according to records maintained by defendants and their agents, were sent a letter with respect to an alleged consumer debt within 4 years of the filing of this action which misrepresented the creditor as Unifund CCR Partners, and who according to defendants' records resided in Massachusetts as of the date of the letter. Excluded from the class are current and former officers, directors, and employees of defendants and persons whose letters were all returned as undeliverable. On information and belief, the class is sufficiently numerous such that joinder is impracticable.

45. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under 209 CMR 18.02, whether defendants have been engaged in trade or commerce in the Commonwealth of Massachusetts, whether the challenged conduct violates G.L. c. 93A as alleged, whether defendants' conduct was willful or knowing in nature, and whether there are one or more bases for joint and several liability against defendants.

46. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

47. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

48. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

>WHEREFORE, plaintiff prays that this Honorable Court:
>
>(i)  certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;
>
>(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) enjoin defendants from henceforth engaging in the above-described unlawful conduct;

(iv) award plaintiff and class members statutory damages against defendants, jointly and severally;

(v) award plaintiff and class members costs and attorney's fees against defendants; jointly and severally;

(vi) award such further relief as shall be just and proper.

### **FDCPA Violations – Lawsuit**

### COUNT XIII

49. The allegations of paragraphs 1 – 48 are incorporated herein as if fully set forth.

50. In its complaint filed against plaintiff in the Worcester District Court, Unifund CCR Partners alleged falsely that it owned the alleged debt, thus misrepresented the character of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

### COUNT XIV

51. The allegations of paragraphs 1 – 48 are incorporated herein as if fully set forth.

52. In its complaint filed against plaintiff in the Worcester District Court, Unifund CCR Partners used a false representation or deceptive means to attempt to collect the alleged debt, in violation of 15 U.S.C. §1692e(10).

### COUNT XV

53. The allegations of paragraphs 1 – 48 are incorporated herein as if fully set forth.

54. By misrepresenting the identity of the creditor in the complaint filed against plaintiff in the Worcester District Court, Unifund CCR Partners employed an unfair means of attempting to collect the alleged debt in violation of 15 U.S.C. §1692f.

### COUNT XVI

55. The allegations of paragraphs 1 – 54 are incorporated herein as if fully set forth.

56. Unifund Corporation and Rosenberg conspired with Unifund CCR Partners, and aided and abetted Unifund CCR Partners, in formulating, implementing, and carrying out the above-described unlawful conduct, with knowledge of and intent to further same.

### COUNT XVII

57. The allegations of paragraphs 1 – 54 are incorporated herein as if fully set forth.

58. A joint venture existed between Unifund CCR Partners, Unifund Corporation, and Rosenberg with respect to the collection of consumer debts from Massachusetts residents. Factors which indicate the existence of a joint venture include, but are not limited to: each party had a right to and expected to share profits from the endeavor; each had a right to and did participate in the control and management of the endeavor; each contributed money, property, effort, skills, and/or other resources to the endeavor; and each expected to share in any losses from the endeavor.

### Class Action Allegations

59. Plaintiff brings this complaint on behalf of himself and all other persons similarly situated. Class members in counts XIII – XVII ("Class C") are all persons who, according to records maintained by defendants and their agents, were named as defendants in complaints filed by Unifund CCR Partners in Massachusetts trial courts within 1 year of the filing of this action, which complaints sought the collection of consumer debts and misrepresented the owner of the debt as Unifund CCR Partners. Excluded from the class are current and former officers, directors, and employees of

defendants and persons who were never sued with process. On information and belief, the class is sufficiently numerous such that joinder is impracticable.

60. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under the FDCPA, whether the challenged conduct violates the FDCPA as alleged, and whether there are one or more bases for joint and several liability.

61. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

62. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

63. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

    WHEREFORE, plaintiff prays that this Honorable Court:

    (i)    certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

    (ii)    appoint plaintiff as class representative and the undersigned as class counsel;

(iii)    award plaintiff and class members statutory damages against defendants, jointly and severally;

(iv)    award plaintiff and class members costs and attorney's fees against defendants; jointly and severally;

(v)    award such further relief as shall be just and proper.

### Chapter 93A Violations – Lawsuit

### COUNT XVIII

64. The allegations of paragraphs 1 – 63 are incorporated herein as if fully set forth.

65. The complaint which Unifund CCR Partners filed against plaintiff in the Worcester District Court misrepresented the character of the alleged debt, in violation of the FDCPA, 209 CMR 18.16(2)(a) and G.L. c. 93A.

### COUNT XIX

66. The allegations of paragraphs 1 – 63 are incorporated herein as if fully set forth.

67. In its complaint filed against plaintiff in the Worcester District Court, Unifund CCR Partners used a false representation or deceptive means to attempt to collect the alleged debt, in violation of the FDCPA, 209 CMR 18.16(10) and G.L. c. 93A.

### COUNT XX

68. The allegations of paragraphs 1 – 63 are incorporated herein as if fully set forth.

69. By misrepresenting the identity of the creditor, the complaint which Unifund CCR Partners filed against plaintiff in the Worcester District Court constituted an unfair means of attempting to collect the alleged debt, thus violating the FDCPA, 209 CMR 18.17 and G.L. c. 93A.

## COUNT XXI

70. The allegations of paragraphs 1 – 69 are incorporated herein as if fully set forth.

71. Unifund Corporation and Rosenberg conspired with Unifund CCR Partners, and aided and abetted Unifund CCR Partners, in formulating, implementing, and carrying out the above-described unlawful conduct, with knowledge of and intent to further same.

## COUNT XXII

72. The allegations of paragraphs 1 – 69 are incorporated herein as if fully set forth.

73. A joint venture existed between Unifund CCR Partners, Unifund Corporation, and Rosenberg with respect to the collection of consumer debts from Massachusetts residents. Factors which indicate the existence of a joint venture include, but are not limited to: each party had a right to and expected to share profits from the endeavor; each had a right to and did participate in the control and management of the endeavor; each contributed money, property, effort, skills, and/or other resources to the endeavor; and each expected to share in any losses from the endeavor.

### Class Action Allegations

74. Plaintiff brings this complaint on behalf of himself and all other persons similarly situated. Class members in counts XVIII – XXII ("Class D") are all persons who, according to records maintained by defendants and their agents, were named as defendants in complaints filed by Unifund CCR Partners in Massachusetts trial courts within 4 year of the filing of this action, which complaints sought the collection of consumer debts and misrepresented the owner of the debt as Unifund CCR Partners. Excluded from the class are current and former officers, directors, and employees of

defendants and persons who were never sued with process. On information and belief, the class is sufficiently numerous such that joinder is impracticable.

75. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under 209 CMR 18.02, whether defendants have been engaged in trade or commerce in the Commonwealth of Massachusetts, whether the challenged conduct violates G.L. c. 93A as alleged, whether defendants' conduct was willful or knowing in nature, and whether there are one or more bases for joint and several liability against defendants.

76. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

77. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

78. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

    WHEREFORE, plaintiff prays that this Honorable Court:

    (i)    certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) enjoin defendants from henceforth engaging in the above-described unlawful conduct;

(iv) award plaintiff and class members statutory damages against defendants, jointly and severally;

(v) award plaintiff and class members costs and attorney's fees against defendants; jointly and severally;

(vi) award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**


DOUGLAS P. NAYLOR
By his attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
(617) 492-0522
ken@quatlaw.com